**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

<table>
<tr><td>

FRANK JOSEPH CARDERELLA,

        Plaintiff - Appellant,

  v.

JANET NAPOLITANO, as Secretary of the Department of Homeland Security,

        Defendant - Appellee.

</td><td>

No. 10-56637

D.C. No. 2:09-cv-08299-R-MAN

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 7, 2012[**]
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

    Plaintiff-Appellant Frank Joseph Carderella ("Carderella") appeals the grant

of summary judgment entered by the United States District Court for the Central

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District of California in favor of Defendant-Appellee Janet Napolitano

("Napolitano"), the Secretary of the Department of Homeland Security.[1]

Carderella, a white, Catholic male of Italian ancestry, alleges that the former

Immigration and Naturalization Service ("INS") discriminated against him on the

basis of his race or national origin in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e-16 *et seq.* ("Title VII"), when it did not select him in

1996 to fill a vacant Detention Enforcement Officer position ("DEO").[2]  The

district court held that Carderella failed to establish a prima facie case of

employment discrimination and declined to draw an adverse inference from the

spoliation of the records.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

The district court did not err in finding that Carderella failed to establish a

prima facie case of employment discrimination. *Texas Dept. of Cmty. Affairs v.*

*Burdine,* 450 U.S. 248, 252–53 (1981).  Carderella acknowledges that he has no

information regarding the race or national origin of the individuals ultimately

selected for the vacant DEO positions.  *See McDonnell Douglas Corp. v. Green,*

---

[1]     The functions of the INS were transferred to the Department of
Homeland Security.  Homeland Security Act of 2002, Pub. L. No. 107-296, § 471,
116 Stat. 2135, 2205.

[2]     The parties are familiar with the facts so we do not repeat them here.

411 U.S. 792, 802 (1973) (holding that to establish a prima facie case of employment discrimination under Title VII, an individual must show, *inter alia*, that the position remained open and the employer sought other similarly qualified individuals outside his protected class).

The district court did not abuse its discretion when it declined to draw an adverse inference of discrimination against Napolitano as a sanction for the spoliation of the documents. *Medical Lab. Mgt. Consultants v. Am. Broadcasting Cos. Inc.*, 306 F.3d 806, 823–24 (9th Cir. 2002). The record suggests the employee files may have been lost or destroyed pursuant to the INS's internal two-year retention policy and therefore were not destroyed in bad faith or in anticipation of litigation, which commenced over a decade after Carderella filed his initial employment discrimination claim with the EEO. *See e.g., United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Regardless, Carderella's reliance on the spoliated evidence alone would be insufficient to prove a prima facie case of employment discrimination. *See Medical Lab. Mgt. Consultants*, 306 F.3d at 825 ("When a party has produced no evidence—or utterly inadequate evidence—in support of a given claim, the destruction of evidence, standing alone, is not enough

to allow the party to survive summary judgment on that claim." (internal quotation marks and citations omitted)).

Finally, Carderella's request for judicial notice of portions of Rafael Roldan's deposition is denied. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

**AFFIRMED.**